IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 11-CV-02301-WYD-BNB

VANESSSA UPSHAW,

Plaintiff

v.

TRANSMONTAIGNE SERVICES, INC., a Delaware corporation,

Defendant.

**STIPULATED PROTECTIVE ORDER**

Upon consideration of the stipulation of Plaintiff Vanessa Upshaw ("Plaintiff") and Defendant TransMontaigne Services Inc. ("Defendant") as reflected by their signatures hereto, for a Protective Order concerning certain information and documents provided during the course of this litigation, which the parties claim constitute commercially sensitive and confidential information according to current law, and it appearing to the Court that sufficient cause exists for the issuance of a Protective Order, it is

ORDERED as follows:

1. Any documents produced or exchanged by any of the parties to this action, or any of their attorneys, and any information contained in responses to interrogatories or in any other discovery, including but not limited to deposition testimony and deposition exhibits, which a party in good faith believes contain confidential information, commercially valuable or sensitive business information, trade secrets, or confidential personnel information, may be designated as confidential, and all documents and information so designated and all copies thereof (hereinafter

referred to collectively as "the Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Order; PROVIDED, however, that counsel for the party designating information as confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order.

2.      Information produced during the course of this Action within the scope of Paragraph 1 above, may be designated by the producing party ("Designating Party") as containing Confidential Information by conspicuously placing on each page the legend:

CONFIDENTIAL/Subject to Protective Order  
Upshaw v. TransMontaigne  
11-CV-02301-WYD-BNB

Such designation shall be placed on the page so that it will not interfere with the legibility of material on the page. If and to the extent that such information is entered as an Exhibit at a hearing or trial relating to this action, a clean copy of the document without the legend may be substituted for admission into evidence.

3.      Any party wishing to challenge the designation of any document as confidential by the other party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the

motion.  In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

4.	Neither the Confidential Information nor its contents shall be disclosed to any other person without the agreement of the party designating information as confidential, except that counsel may, without further agreement, disclose the Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions:

	a.	attorneys and legal assistants, whether employees or independent contractors, of counsel's firms and to any other employee of counsel's firms who shall handle the Confidential Information under normal office procedure;

	b.	any person the attorneys in good faith believe will or may be requested or required to testify as a witness at deposition or trial ("Potential Witness"), provided that such Potential Witnesses shall be shown only Confidential Information that relates to issues of which counsel reasonably believes the Potential Witness has some prior knowledge, and only such Confidential Information as counsel deems reasonably necessary to allow for the full and fair exploration and presentation of information possessed by the Potential Witness;

	c.	experts or consultants retained by the parties with respect to this action;

	d.	the parties;

	e.	the Court and its employees ("Court Personnel"), and members of a jury if any; and

    f. any court reporters present in their official capacity at any hearing, deposition or other proceeding in this action.

5. Prior to disclosing any Confidential Information to any person listed above (other than the parties, counsel, persons employed by counsel, Court Personnel, members of a jury, if any, and court reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form attached hereto as Exhibit A stating that he or she has read this Protective Order and agrees to be bound by its provisions, including consent to the jurisdiction of this Court.  This provision shall not apply when a party is to be deposed using Confidential Information that it produced.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Neither the Confidential Information nor its contents shall be used or disclosed to any person for any purpose beyond this action.

7. The party receiving confidential information, regardless of the format in which that information is produced, shall, within 30 days of the termination of litigation (including termination of any appeals), provide a listing of all of confidential information provided by the Disclosing Party, including those provided to expert witnesses and computer files containing confidential information, and provide a certification that 1) such information will be removed from all computers and copies of such information will be maintained by the receiving party's attorney under seal; 2) such sealed confidential information shall not be unsealed without first giving the Disclosing Party ten (10) days prior written notice indicating the reason for unsealing the information and an opportunity for the Disclosing Party to seek an appropriate Court order

regarding the unsealing, use or disclosure of the Confidential Information; and 3) indicating that such confidential information shall be destroyed at the end of seven (7) years, or as otherwise provided for by the receiving party's attorney's record retention and client file destruction policy, whichever is earlier. In no case shall such sealed information leave the receiving party's attorney's possession, or be given directly to the party as a part the attorney's file. At the time of destructions or deletion of the confidential information maintained under seal, all such confidential information shall be destroyed, including the deletion of any computer files containing confidential information, wherever they exist. Within 30 days of the destruction of the confidential information contained under seal, the receiving party shall certify in writing to the producing party that all confidential information, regardless or format or location, has been destroyed.

8. The provisions of this order shall not limit the parties' ability to make full use of otherwise admissible Confidential Information at any stage of this litigation as necessary, including but not limited to, attachments to pleadings, exhibits to depositions or at trial. **Any request to restrict access to documents or materials filed with the court must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~If either party submits Confidential Information to the Court as an attachment to pleadings, motions, depositions or to any other document filed with the Court, such submission shall be made under seal and opened only by order of the Court.~~

9. The confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals there from, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order.

10. Any party may at any time and for any reason seek modification of this Protective Order. This Protective Order can be modified only by written agreement of the parties or by order of this Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

Dated January 17, 2012.

BY THE COURT:

 s/ Boyd N. Boland

United States Magistrate Judge

Stipulated by:

**ELWYN F. SCHAEFER AND ASSOCIATES, P.C.**

*s/ Elwyn F. Schaefer*

Elwyn F. Schaefer

1801 Broadway, Ste. 550

Denver, Colorado 80202

Telephone: 303 825 1961
Facsimile: 303 825 5460
 Email: elwyn.schaefer@qwestoffice.net

*Counsel for Plaintiff Vanessa Upshaw*

**LATHROP & GAGE LLP**

*s/ Denise D. Riley*

Denise D. Riley, No. 33944
Maxwell N. Shaffer, No. 42500
950 17th Street, Ste. 2400
Denver, Colorado 80202
Telephone:   (720) 931-3200
Facsimile:   (720) 931-3201
Email:       DRiley@LathropGage.com
             MShaffer@LathropGage.com

*Counsel for Defendant TransMontaigne Services, Inc.*

**EXHBIT A**
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 11-CV-02301-WYD-BNB

VANESSSA UPSHAW,

Plaintiff

v.

TRANSMONTAIGNE SERVICES, INC., a Delaware corporation,

Defendant.

---

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

---

I, _____, declare as follows:

1.  My address is _____.

2.  My present employer is _____.

3.  My present job position is _____.

4.  Pursuant to the Protective Order entered by the Court in this case ("Order"), I hereby acknowledge that I may receive information designated under the Order, and I certify my understanding that such information is provided to me pursuant to the terms and restrictions of that Order.

5.  I further state that I have been given a copy of, and have read the Order, that I am familiar with its terms, and I agree to comply with and to be bound by each of its terms, and that I agree to hold in confidence any information disclosed to me pursuant to the terms of the Order and to use such information solely for the purpose of this action.

6.       To assure compliance with the Order, I hereby submit myself to the jurisdiction of the United State Court for the District of Colorado and any other Court having personal jurisdiction over me for the limited purpose of any proceedings relating to the performance under, compliance with, or violation of the Order.

7.       I understand that I am to retain all of the material that I receive which has been designated under the Order in a manner consistent with the Order and that all such materials are to remain in my custody until I have completed my testimony or assigned duties in this matter.  I further understand that, upon the completion of my testimony or assigned duties in this matter all materials are to be returned to the counsel or party by whom I have been provided such materials or they are to be destroyed.  I also understand that any materials, memoranda, work notes, or other documents derived from documents designated under the Order are to be delivered to the counsel or party by whom I have been provided are to be destroyed. Such delivery or destruction shall not relieve me from any of the continuing obligations imposed upon me by the Order.  I further agree to notify any clerical personnel who are required to assist me of the terms of the Order.

        I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.


Signed at _____ on this ____ day of_____, 2012.